IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY NARRIN, <br><br>     Plaintiff, <br><br> v. <br><br> JANE DOE d/b/a YARNORA.COM and DOES 2-10, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 25-cv-00474-SH <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's motion seeking leave to serve Defendant by the alternative means of email. Plaintiff has failed to show that the Hague Convention is inapplicable or will not provide timely service of process on Defendant. The Court denies Plaintiff's motion without prejudice to refiling upon a proper showing.

**Factual Background**

Plaintiff Stacy Narrin ("Narrin") has filed a complaint, alleging copyright infringement against Defendant Jane Doe d/b/a yanora.com ("Doe"). (ECF No. 2.) Narrin alleges that Doe "has been reproducing, distributing, and selling unauthorized copies of" Narrin's original crochet patterns. (ECF No. 2 ¶ 2.) After discovering Doe's alleged infringement, Narrin submitted a Digital Millenium Copyright Act ("DMCA") takedown notice that flagged the offending articles for sale.[1] (*Id.* ¶ 3.) Doe then submitted a counter-notification under the DMCA, but this notice allegedly included "the false name

---

[1] The DCMA provides a process by which a copyright holder may provide notice to an online service provider that infringing material is being hosted on its site, who can then remove the infringing material without fear of liability. 17 U.S.C. § 512(c). If the person whose information is removed submits a counter-notice, however, the provider must restore the removed material unless certain other requirements are met. *Id.* § 512(g).

1

'Emma Johnson' with false contact information." (*Id.*)  The contact information included a physical address on Church Lane in London, U.K.; a U.K. telephone number, and a proton.me email address. (Id. ¶ 16.)   According to Narrin, the phone number is disconnected and the physical address, "upon information and belief, is not associated with any known individual or business named 'Emma Johnson.'" (*Id.*)

Narrin seeks leave to serve this lawsuit by the alternative means of email, arguing traditional methods of service are impossible.  (ECF No. 4.)

## Analysis

### I.     Legal Standard

A plaintiff bears the burden of serving a defendant and establishing the validity of service of process. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  The federal rules provide that an individual in a foreign country may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;[2]
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . .; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

---

[2] Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, T.I.A.S. No. 6638, 20 U.S.T. 361 (the "Hague Convention").

The United Kingdom is a signatory to the Hague Convention. *See Status Table, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Hague Conf. on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [https://perma.cc/7UKF-NBDM] (last visited Sept. 16, 2025).

The Supreme Court has made clear that the Hague Convention applies in cases "where there is occasion to transmit a judicial or extrajudicial document for service abroad," and that application of the Hague Convention is "mandatory." *Volkswagenwerk A.G. v. Schlunk*, 486 U.S. 694, 699 (1988); *see also* Fed. R. Civ. P. 4, advisory ctte.'s note to 1993 am., subdiv. (f) ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."). Rule 4(f)(1) was intended to give effect to the Hague Convention and "provides that, when service is to be effected outside a judicial district of the United States, the methods of service appropriate under an applicable treaty shall be employed if available and if the treaty so requires."[3] Fed. R. Civ. P. 4, advisory ctte.'s note to 1993 am., subdiv. (f).

This does not mean that a court cannot authorize an alternative form of service in a Hague Convention signatory country. Instead, the notes to Rule 4 and Tenth Circuit precedent recognize there are situations when alternative service is appropriate. *See* Fed.

---

[3] For this reason, the Court rejects cases holding that Rule 4(f) does not create a hierarchy among its subsections, even when the Hague Convention applies. *See, e.g., DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-CV-00574-JNP, 2021 WL 11585915, at *7 (D. Utah Nov. 22, 2021) (no hierarchy); *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 341 (E.D.N.Y. 2021) (same) (collecting cases); *Nat'l Cas. Co. v. W. Express, Inc.*, No. CIV-15-1222-R, 2017 WL 2241536, at *2 (W.D. Okla. May 22, 2017) (appearing to adopt the no-hierarchy approach). *Cf. Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15 & n.4 (9th Cir. 2002) (finding no hierarchy in Rule 4(f), but in case where Hague Convention did not apply).

R. Civ. P. 4, advisory ctte.'s note to 1993 am., subdiv. (f) (noting situations when other forms of service are appropriate, despite the applicability of the Hague Convention); *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020) (upholding alternative service on company's attorney after attempt to serve via Hague Convention methods failed).[4]

## II. Discussion

Narrin asks this Court to authorize service on Doe by email pursuant to Rule 4(f)(3), because the London address provided in Doe's counter-notification was allegedly not associated with Doe, and the phone number provided in that same document was disconnected. (ECF No. 4, at 3.) As noted above, the United Kingdom is a signatory to the Hague Convention. And effecting service on a United Kingdom defendant necessarily requires the transmittal of judicial documents for service abroad. Narrin must therefore use the methods of service prescribed by the Hague Convention, *Schlunk*, 486 U.S. at 699, unless she can show those methods are not available, *Compania de Inversiones Mercantiles*, 970 F.3d at 1295.

This means Narrin should submit a request for service to the United Kingdom's Central Authority, *see* Hague Convention, art. 2; effect service in the United Kingdom directly through a competent person, *see* Hague Convention, U.K. declaration (d) & note;[5]

---

[4] The Tenth Circuit explicitly did not decide "whether an objection to Article 10 of the Hague Service Convention prohibits service by email." *Compania de Inversiones Mercantiles*, 970 F.3d at 1295 n.5 (10th Cir. 2020).

[5] The United Kingdom's declarations may be found at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=427&disp=resdn [https://perma.cc/4PJ7-BLEA] (last visited Sept. 16, 2025).

4

or otherwise comply with the Convention.  Narrin does not acknowledge the Hague Convention, much less state that she has attempted service under its terms.

Instead, Narrin asserts without explanation that the name, phone number, and physical address provided in Doe's DMCA counter-notification were false.  (ECF No. 4 at 2.)  Narrin does not state <u>how</u> she determined that this contact information was false or what steps she took to obtain correct information.[6]  *See Blumenthal Distrib., Inc. v. Broad*, No. 25-CV-01341-KAS, 2025 WL 2549819, at *3 (D. Colo. Sept. 3, 2025) (stating that the court in its discretion "may consider whether Plaintiff made reasonable efforts to serve the defendant before allowing alternate service." (internal quotation omitted)); *Whaleco Inc. v. Izquierdo*, No. 23-CV-03257-PAB, 2023 WL 9051077, at *2 (D. Colo. Dec. 29, 2023) (finding mere internet searches insufficient to justify service via email).  What's more, one of the primary reasons Narrin gives for the email address's validity is that "Defendant herself designated this email address as a point of contact in a sworn legal document." (ECF No. 4, at 4.)  But the allegedly false name, address, and phone number were <u>also</u> provided "in a sworn legal document"--the DMCA counter-notification.  (ECF No. 4, at 2.)  Without a greater showing that service by traditional means is not possible, this Court declines to grant Plaintiff's motion to effectuate service via email.  *Cf. Katsel v. Alibaba Grp. Holding Ltd.*, No. 25-CV-00699-DDD-STV, 2025 WL 2480703, at *1 (D. Colo. Aug. 27, 2025) (email service granted where plaintiffs first contacted platform to obtain contact information, sent messages to defendant on platform's internal messaging system, conducted searches of public records, and retained private investigator); *Holdings v. Zkouty*, No. 2:22-CV-00529-CMR, 2023 WL 5959309, at *1 (D. Utah Sept.

---

[6] The Hague Convention does "not apply where the address of the person to be served with the document is not known." Hague Convention, art. 1.

13, 2023) (email service granted where plaintiff mailed waiver of service to physical address, but documents were returned as undeliverable); *Great Bowery v. Best Little Sites*, No. 2:21-CV-00567-JNP-JCB, 2022 WL 1751595, at *1 (D. Utah Mar. 24, 2022) (email service granted where plaintiff hired a private investigator that found a valid address for defendants, but defendants still evaded service on three occasions).

## Conclusion

Narrin may eventually reach the point where she can demonstrate the Hague Convention does not apply or that alternative service is otherwise necessary. But we are not there yet.

IT IS THEREFORE ORDERED that *Plaintiff's Motion for Alternative Service* (ECF No. 4) is DENIED without prejudice to refiling should Plaintiff show the Hague Convention does not apply or that service by alternative means is appropriate despite its applicability.

ORDERED this 17th day of September, 2025.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT